UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:17 CR 146 CDP |
| ) | |
| LEMARIO QUINNTEL JOHNSON, ) | |
| ) | |
| Defendant. ) | |

# MEMORANDUM AND ORDER

Defendant Lemario Quinntel Johnson initially filed a *pro se* motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). Counsel was appointed and filed a supplemental motion. Johnson argues that he is in danger while in the Bureau of Prisons during the COVID-19 pandemic because of his serious health conditions. The government opposes the motion, arguing that defendant has failed to exhaust his administrative remedies and has failed to show extraordinary and compelling reasons for such release. I will deny the motion because defendant has shown very little other than the same risks that thousands of other inmates face during this pandemic. His health conditions are not unusually serious and appear to be stable and appropriately managed by the Bureau of Prisons at this time.

On July 12, 2018 Johnson pleaded guilty to being a felon in possession of a firearm. The United States Sentencing Guidelines recommended a sentencing range of 188 to 235 months' imprisonment. When I sentenced him on October 22, 2018 I

varied downward from that range and sentenced him to 120 months imprisonment after considering the joint recommendation of the parties and all the sentencing factors set out in 18 U.S.C. § 3553(a). He is currently incarcerated at the Federal Correctional Institution at Pekin, Illinois, and has a projected release date of November 15, 2025.

A court can reduce a final sentence only under the very limited circumstances listed in 18 U.S.C. § 3582(c). Before the passage of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018), a defendant could not file a motion for compassionate release directly with the court. Instead, only the Bureau of Prisons could request compassionate release. *See, e.g., United States v. Mills,* No. 1:10-CR-117 CAS, 2014 WL 3845441 (E.D. Mo. Aug. 5, 2014); *Brown v. Inch,* Case No. 18-CV-221 JNE/LIB, 2018 WL 2108254 (D. Minn. March 29, 2018). The First Step Act changed that so that a defendant may now file a direct motion with the court "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, . . . ." § 3582(c)(1)(A).

The parties disagree about whether Johnson has exhausted his administrative remedies. I have reviewed each side's presentation on this and cannot determine the

2

answer from the record before me. However, because I conclude that I would deny Johnson's motion even if he has exhausted or if his failure to exhaust is excused, I need not conduct further proceedings to determine whether he has exhausted and will instead explain my reasons for concluding that his motion should be denied in any event.

Under 18 U.S.C. § 3582(c)(1)(A), compassionate release may be granted if the court finds, "after considering the factors set forth in section 3553(a) to the extent they are applicable," that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). The statute also provides—as it did before the passage of the First Step Act—that any reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

The government argues that compassionate release may only be granted if to do so is consistent with U.S.S.G. §1B1.13 cmt. n.1(A)-(D), which contains specific reasons that could qualify a defendant for compassionate release. The guideline has not been amended to reflect the changes wrought by the First Step Act.[1] Because the Sentencing Commission has not provided guidance for compassionate release

---

[1] The United States Sentencing Commission has not had a quorum since passage of the First Step Act.

3

motions made directly to a court, many courts have found that there is no "applicable policy statement" that limits a court's discretion in considering such a motion. *See, e.g., United States v. Almontes*, No. 3:05-CR-58 (SRU), 2020 WL 1812713, at *3 (D. Conn. Apr. 9, 2020) (collecting cases); *United States v. Schmitt*, No. CR12-4076-LTS, 2020 WL 96904 at * 3 (N.D. Ia. Jan. 8, 2020); *United States v. Urkevich*, 8:03-CR-37, 2019 WL 6037391 (D. Neb. Nov. 14, 2019); *United States v. Beck*, No 1:13-CR-186-6, 2019 WL 2716505 at * 5-6 (M.D.N.C. June 28, 2019); *United States v. Brown*, 4:05-CR-00227-1, 2020 WL 2091802 at * 5-6 (S.D. Ia. Apr. 29, 2020).

I agree with those courts that have concluded that we are no longer limited to the factors that would have bound the courts and the Bureau of Prisons before passage of the First Step Act. The guideline itself is inconsistent with the amended statute because it requires the Director of the Bureau of Prisons to make a motion for compassionate release. Application Note 1 is inconsistent with the new law because its list of specific reasons that could justify compassionate release (specific medical conditions, age, specific family circumstances) are not required by the statute. Moreover, its catch-all "other reasons" subsection requires the Director of the Bureau of Prisons to determine what are "extraordinary and compelling" reasons. I conclude that the guidelines provision and its application note provide helpful guidance, but do

4

not limit the factors I can consider in determining whether compassionate release should be granted.

Johnson argues that extraordinary and compelling reasons for compassionate release exist because of the Bureau of Prison's failure to control the spread of COVID 19 within the prison system and because his medical conditions place him at high risk of contracting the disease and of having a serious course of illness if he were to become infected.  He has shown that he suffers from diabetes, high cholesterol, high blood pressure and sleep apnea requiring use of a CPAP machine.  He also points out that the disease poses an enhanced danger to anyone confined in jail or prison because of the communal living situation, the impossibility of social distancing in the prison setting, and the general conditions including inadequate sanitation.  He points out that the Bureau of Prisons has numerous cases of COVID-19 and that news reports indicate that despite the outbreak in the BOP it has failed to implement sufficient safety procedures to protect inmates from the spread of COVID-19.[2]

---

[2] The BOP website says that only one inmate at FCI Pekin is positive for COVID-19. The website also indicates that FCI Pekin has conducted well over 200 tests of inmates and has had only two positive results. *Federal Bureau of Prisons, Covid-19 Coronavirus*, https://www.bop.gov/coronavirus (last accessed August 11, 2020).

5

Additionally, because FCI Pekin is located in an area that has had a high rate of infection, he argues that he is at higher risk of contracting COVID from staff members who might bring the infection into the facility.

I realize that prison conditions place prisoners in danger of contracting COVID 19. But this is a danger that applies to all prisoners. Although Johnson's medical conditions may place him at a higher risk than some other inmates, the conditions he cites are things that apply to thousands of people in prisons across the country. His conditions are well-controlled and it appears that the Bureau of Prisons can adequately manage the conditions. In short, there is nothing extraordinary or compelling about the risks Johnson faces, and I will deny his motion for early release.

Johnson argues that he has been rehabilitated while in prison and that I should conduct an evidentiary hearing to consider his rehabilitation. The Sentencing Guidelines statute provides that the sentencing commission could not consider rehabilitation alone as an extraordinary and compelling reasons for a reduction of sentence. 18 U.S.C. § 994(t). However, rehabilitation may be considered in conjunction with other factors in determining whether a defendant has shown extraordinary and compelling reasons. *United States v. Campbell*, No. Cr. 03-4020-LTS, 2020 WL 4432845, at *5 (N.D. Ia. July 31,

6

2020).  In this case, however, defendant has not shown anything extraordinary about his rehabilitation, even when considered in conjunction with his health issues.

Because defendant has not shown that there are extraordinary and compelling reasons justifying a reduction in sentence, I need not consider in detail all the factors listed in 18 U.S.C. § 3553(a).  I note, however, that I see nothing that has changed since I sentenced defendant a year and a half ago, and I continue to believe that the sentence previously imposed was necessary to meet the sentencing objectives of the statute and should not be changed at this time.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Lemario Quinntel Johnson's motions for compassionate release [91, 95, 96] are denied.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 13th day of August, 2020.